All right, next case on the docket is People v. Philip Heinz, cause number 5-08-0637. This is Alysco. May it please the court and counsel. In the state's brief case it's ceded that defendants' conviction for reckless homicide should be reversed, or should be vacated, and I'm asking you courts to go along with the rest of us and do that. So I'm only going to talk about issue number two. And basically this is a benefit of the bargain type of argument. Defendants went from open guilty plea to, we'll just talk about the aggravated DUI, and he was sentenced to 10 years. All of the parties in the courtroom agreed that he would be eligible for day-for-day good time. Now he wasn't guaranteed it, but through defendants' own, if he behaved properly, he could be out in a little bit less than five years. That was the court's original intent. If he behaved, he could be out in a little bit less than five years. Defendant filed a motion to reconsider his sentence after he found out that in fact he wouldn't get day-for-day good time, but would have to serve 85% of his sentence. The court admitted, you know what, I've miscalculated, you're right, I'm reducing the sentence to seven years. Well, seven years at 85%, if he got his good time credit at 85%, he'd have to serve almost six years. That's a whole year more than the court originally intended to sentence him. Because he got more time, in other words, on resentencing, we're arguing that it was an improper increase in sentence, and that it violated the court's original intent that if he behaved, he could serve five years. And that's the argument in a nutshell. Are there any questions on that? Let me just make sure. Are you then agreeing with the state's position on which of the two conditions should be vacated? Yes, yes. I just wanted to make sure that's what you were saying. Yes, yes. Reckless homicide was not an offense at the time that he died, though. Okay, thank you. All right. Ms. McCormick. Your honors, counsel, he was sentenced to ten years for aggravated DUI and then made a motion for reduction of sentence. And it's true he was misinformed that he would get day-for-day credit. Now, the court sentenced him to ten years. And the appellate court has said that while a truth in sentencing law has the potential to affect a sentence, it isn't part of that sentence. And the judge had no control over whether or not the Department of Corrections would award this man good time credits. He might not get any good time. He might not get any time. Exactly. This is a possibility. And it is not part of the sentence. He was sentenced to ten years. And then upon re-sentencing, he was, well, not re-sentencing, but on reconsideration, the court reduced it to seven years. And that is the sentence. Original intent, there's no case law in there about original intent. It simply was not part of the sentence. And the judge did reduce the sentence on reconsideration to seven years. And that was the sentence. Whatever the potential is for reducing a sentence during good time is out of the judge's control, whether it's seven or ten. So the sentence of seven years should be affirmed. And it wasn't excessive as well, because this defendant, his first conviction for DUI was on New Year's Eve 2004. Two months later, he's got a conviction for unlawful sale or gift of alcohol to a minor. And then just seven months later, in August 14th, he committed the present crime. So he has a propensity to drink and drive and to commit crimes related to alcohol. And in this case, he was driving the wrong way down Interstate 57 and killed the mother of four children. The mother of four children. And the little boy watched his mother die. Yes, it's a serious crime. And the judge, I think, you know, in reconsidering the sentence, fashioned a sentence that was fair and equitable, and it considered the protection of the public and the seriousness of the crime as well as the fact that, you know, the defendant was very remorseful. And I think that probably factored into reducing the sentence from ten to seven years. So we ask the Court to affirm the defendant's sentence for aggravated DUI. Thank you, Ms. McCormick. Ms. Lisko, any further? We're not saying that the defendant shouldn't be punished at all. The trial court heard all the evidence. He heard the defendant. He admitted that the trial court said this was a horrendous crime. But the trial court already determined that the sentence. All we're asking is that the defendant gets what the trial court originally intended. No, I admit it, that good time is not guaranteed. But under the original ten years, if the defendant behaved, and it was up to the defendant, but the court intended that if the defendant behaved, he would get day for day. Under the new sentence, even if the defendant behaves, he can't get day for day. He can't get a sentence of five years. So that's not what the court originally intended. The court admitted that's not what it originally intended when it said, oh, I miscalculated good time. The court apparently did think of good time. It's not guaranteed, but the court apparently did think about it and said, oh, I'm going to reduce your sentence to seven, which did not reflect what the court originally intended. And that's all. Any questions? Thank you. All right, thank you for your briefs and arguments. The court will take this matter under advisement and issue a decision in due course.